WILCOX vs. BOOTHE.

It is the province of the jury, and not of the appellate court, to weigh the evidence, and determine whether the testimony of a witness is to be believed.

*Error to Sebastian Circuit Court.*

Hon. FELIX J. BATSON, Circuit Judge.

CUMMINS & GARLAND for the plaintiff.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

ASSUMPSIT by Henry Wilcox, an attorney at law, against John Boothe, for professional services, determined in the Sebastian Circuit Court.

There are three counts in the declaration: 1st, for work and labor; 2d, for services as an attorney; and 3d, that defendant was indebted to plaintiff in the sum of $600, upon an account stated, etc.    Upon the general issue, the case was submitted to a jury.

*Pulliam*, a witness for the plaintiff, testified, that in the month of January, 1856, he was at the house of defendant in Sebastian county, when a settlement was had between plaintiff and defendant, in reference to certain services rendered by the plaintiff, as an attorney, for the defendant; who claimed to be an heir of John Boothe, deceased, who had lately died in said county, leaving a large estate, about which there was likely to be a contest between defendant and others claiming to be heirs of said deceased.    That, after the making of said settlement, said plaintiff agreed and promised to pay the plaintiff the sum of $600, for services already rendered.    Witness did not know whether the $600 were promised plaintiff as retaining fee or not; nor did he personally know whether the plaintiff had actually rendered any services or not.    Attorneys in charging fees usually had reference to, and were governed by the amount of property in controversy, the difficulty of the case, and the ability of the party to pay.    Witness understood said settlement to be final, that no other services were to be rendered by the plaintiff, and that the $600 were to be paid plaintiff for previous employment, and services rendered by him.

*Baker*, witness for the defendant, and first administrator of the estate of Boothe, testified, that during the time he was administrator of said estate, the plaintiff did not, as far as he knew, render any services as an attorney, or otherwise, in the Probate Court, or any other court, in Sebastian county, for the defendant.    Witness thought if any such services had been performed, in any manner, connected with said estate, he would have known it.

*Grimes*, witness for defendant, testified that he succeeded *Baker* in the administration of said estate, and was present administrator thereof, and that plaintiff, as far as he knew,

never had rendered any service for defendant in any matter connected with said estate. That there never had been any contest between witness, as administrator, and the defendant, about the estate, or any part thereof.

*Vandever*, witness for the defendant, testified, that he had been engaged as an attorney for defendant, and attended to the matters connected with the estate of John Boothe, deceased, ever since the commencement of the administration thereof; and the plaintiff never had rendered any services for the defendant, as an attorney, in any matter connected with said estate. Witness had been, and was employed by defendant to attend to any and all matters that might arise, or had arisen, in regard to said estate, in which defendant was, or might be interested, and he did not know that plaintiff had ever offered to serve defendant in the premises. He was of the opinion that if plaintiff had done, or offered to do, any thing for the defendant about said estate, he would have known it.

*Wm. Walker*, witness for defendant, testified, that he had been employed by defendant's brother, to attend to his interest in said estate, and had done so before and during the whole administration thereof; and no services had been rendered in any of the courts, or elsewhere, in relation to said estate by the plaintiff, for the defendant. He thought if any such services had been rendered in Court he would have known it. That all that had been done, or was done in the premises, witness had done for the brother of defendant.

The Court instructed the jury as follows, against the objection of plaintiff:

" 1. That if the jury believe from the testimony, that plaintiff had rendered any service for the defendant, at his instance and request, the finding should be for the plaintiff."

" 2. That unless the jury find from the evidence t: : plaintiff had rendered services for defendant, at his request, or had been retained by defendant, as attorney, to perform services, or had been ready and willing to perform the same, they should find for the defendant."

The jury returned a verdict for the defendant.    The plaintiff moved for a new trial on the grounds, that the verdict was contrary to law and evidence, and that the Court erred in giving the instructions to the jury.    The Court overruled the motion, plaintiff excepted and brought error.

The instructions, taken together, are not objectionable.    If the jury believed the testimony of the witness Pulliam, they might have found for the appellant, as upon account stated, for if the appellee had not employed the appellant, and if he had rendered him no service, why did the appellee agree and promise to pay the appellant the $600, as stated by the witness? At the request of the appellee, the appellant might have examined, with much labor and care, and advised the appellee as to his claim to the estate of Boothe, without appearing in any case in Court, and without the knowledge of the other witnesses. But it was the province of the jury to pass upon the weight of the evidence, and we cannot say that the verdict is totally without evidence to sustain it, or against all the evidence introduced. Consequently, according to the repeated decisions of the Court, the judgment must be affirmed.